# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ALL ONE GOD FAITH, INC., D/B/A<br>DR. BRONNER'S MAGIC SOAPS, *et al.,*<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES, *et al.,*<br><br>    Defendants | Consolidated Court No.: 20-00164 |

**PLAINTIFF ALL ONE GOD FAITH, INC.'S RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND REPLY IN FURTHER SUPPORT OF ITS MOTION FOR JUDGMENT ON THE AGENCY RECORD**

                   Respectfully submitted,

                   /s/ Robert W. Snyder
                   ROBERT W. SNYDER
                   LAURA A. MOYA
                   Law Offices of Robert W. Snyder
                   6 Morgan, Suite 114
                   Irvine, CA 92618
                   Telephone: (949) 453-8688
                   E-mail(s): rsnyder@rwsnyderlaw.com
                          lmoya@rwsnyderlaw.com

                   *Counsel for Plaintiff* All One God Faith,
                   Inc., d/b/a Dr. Bronner's Magic Soaps

Dated: **September 1, 2021**
    Irvine, CA

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................. **i.**

**TABLE OF AUTHORITIES** ........................................................................................... **ii.**

**INTRODUCTION** .............................................................................................................. **1**

**ARGUMENT** ...................................................................................................................... **1**

    A.   DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED .................................... 1

    B.   ON THE MERITS, DEFENDANT HAS FAILED TO DEMONSTRATE THAT CUSTOMS JUSTIFIED ITS EVASION DETERMINATION AGAINST DR. BRONNER'S BY SUBSTANTIAL EVIDENCE ............................................................................................... 6

    C.   DEFENDANT HAS FAILED TO DEMONSTRATE THAT CUSTOMS' APPLICATION OF ADVERSE INFERENCES WAS PROPER UNDER THE EAPA STATUTE ...................... 9

**CONCLUSION** ................................................................................................................ **10**

# TABLE OF AUTHORITIES

**Cases**  **Page(s)**

*Atlantic Sugar, Ltd. v. United States*,

    744 F.2d,1556, 1562 (Fed. Cir. 1984) …………………………………………….7, 8

*Star Fruits S.N.C. v. United States*,

    393 F.3d 1277 (Fed. Cir. 2005) …………………………………………………… 9

*Zenith Radio Corp. v. United States*,

    710 F.2d 806 (Fed. Cir. 1983) ………………………………………………….. 4


**Statutes & Regulations**

19 U.S.C. § 1514(b) …………………………………………………………………... 3

19 U.S.C. § 1516a …………………………………………………………..………... 2

19 U.S.C. § 1516a(c)(1) ………………………………………………………….... 4, 5

19 U.S.C. § 1516(d) …………………………………………………………………... 5, 6

19 U.S.C. § 1517 ……………………………………………………………. 2, 4, 5, 6

19 U.S.C. § 1517(a)(3) ……………………………………………………………….. 7

19 U.S.C. § 1517(c) …………………………………………………………....… 2, 6

19 U.S.C. § 1517(c)(1)(A) ……………………………………………………….… 6

19 U.S.C. § 1517(c)(3)(A) …………….................................................……… 9

19 U.S.C. § 1517(f) ....................................................................................……… 2

19 U.S.C. § 1517(g)(1) ............................................................................…….. 4

19 U.S.C. § 1675 ........................................................................................……. 4

28 U.S.C. § 1581 ......................................................................................…….. 2

28 U.S.C. § 1581(a) ............................................................................................…… 2, 3

28 U.S.C. § 1581(c) ............................................................................................…… 2, 3

20 U.S.C. § 2412 .................................................................................................….. 10

19 C.F.R. § 165.28(a) ............................................................................................…… 6

## Other Authorities

*Investigation of Claims of Evasion of Antidumping and Countervailing Duties*,

    81 Fed. Reg. 56,477 (Aug. 22, 2016) ................................................................…… 6

# INTRODUCTION

On behalf of Plaintiff, All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps (hereinafter, "Plaintiff" and/or "Dr. Bronner's"/"DBMS"), we respectfully submit this response in opposition to Defendant United States' (hereinafter, "Defendant" and/or the "Government") partial motion to dismiss and reply to its response in opposition to Plaintiff's February 16, 2021 motion for judgment on the agency record (hereinafter, "DBMS' Motion"),[1] filed with the Court on August 2, 2021 (hereinafter, "Response"), as it pertains to the Enforce and Protect Act (hereinafter, "EAPA") Consolidated Case Number 7281 (hereinafter, the "Investigation"), covering the allegation of evasion of the antidumping duty (hereinafter, "ADD") order on xanthan gum from the People's Republic of China (hereinafter, "PRC" and/or "China"), A-570-985 (hereinafter, the "Order").

# ARGUMENT[2]

## A. DEFENDANT'S MOTION TO DISMISS SHOULD BE DENIED

Defendant, in its Response, asks this Court to dismiss DBMS' complaint filed in this action for lack of subject matter jurisdiction. Defendant's motion is fundamentally meritless.

---

[1] DBMS' Motion challenges CBP's Trade Remedy & Law Enforcement Directorate (hereinafter, "TRLED") March 9, 2020 "Notice of Final Determination as to Evasion" (hereinafter, "Initial Determination"), and its Office of Trade, Regulations & Rulings (hereinafter, "ORR") July 16, 2020 review determination, affirming, in its entirety, Customs' Initial Determination (hereinafter, "Review Determination") (collectively, the "EAPA Determinations").

[2] On October 16, 2020, Defendant's counsel filed on the docket of this consolidated action the confidential administrative record underlying the EAPA Investigation. *See generally* Confid. Admin. Rec., Oct. 16, 2020, ECF Nos.: 22-1–22-18. Subsequently, on October 19, 2020, Defendant's counsel also filed the public administrative record underlying such investigation. *See generally* Public Admin. Rec., Oct. 19, 2020, ECF Nos.: 23-1–23-19. As with its moving brief, Plaintiff will refer to these submissions as "Administrative Record," and will identify a particular confidential document through "BCD" and a public document through "PD," as appropriate.

Subject matter jurisdiction is the power of a court to adjudicate a particular type of matter.  As defendant agrees in its Response, in customs and trade cases, such as the one at bar, the U.S. Court of International Trade (hereinafter, "USCIT") has been granted this power under 28 U.S.C. § 1581, which lists nine (9) areas over which the USCIT holds exclusive authority to adjudicate.  Because Defendant is contesting CBP's EAPA Determinations, issued under the EAPA statute Plaintiff correctly asserted subject matter jurisdiction under 28 U.S.C. § 1581(c), and not (a).

Specifically, pursuant to 28 U.S.C. § 1581(c), "[t]he Court of International Trade shall have exclusive jurisdiction of *any* civil action commenced under section 516A or 517 of the Tariff Act of 1930 [19 USCS § 1516a or 1517]."  (emphasis added).  Indeed, EAPA is codified under 19 U.S.C. § 1517 (that is, section 517 of the Tariff Act of 1930), and in the case at bar Plaintiff is challenging the evasion determinations issued by CBP's TRLED and ORR under the EAPA statute (*i.e.,* under 19 U.S.C. § 1517(c) and (f), respectively).  Plaintiff needs nothing more to establish the Court's jurisdiction under this prong.

Defendant seems to argue that DBMS' invocation of jurisdiction under section 1581(c) is improper because it has "failed to appeal CBP's denial of its protests."  Defendant's interpretation of the interplay between sections 1581(a) and (c) is incorrect.  The Court's jurisdiction over denials of protests lies under 19 U.S.C. § 1581(a), which is an alternative grant of jurisdiction to section 1581(c)—covering challenges to EAPA determinations.  Accordingly, Plaintiff selected section 1581(c) instead of (a) because it interpreted the former as including *all* decisions made by Customs as a result of its EAPA Investigation and their implications—indeed, Customs' reliquidation of Plaintiff's entries subject to the EAPA Investigation and its subsequent denial of DBMS' protests timely filed to contest such reliquidations are direct implications of the

EAPA Investigation and cannot and should not be artificially separated, as Defendant suggests.³ In other words, it is Plaintiff's position that section 1581(c) is the appropriate grant of jurisdiction for its action, since it is the broader prong and should include *any* decisions issued by CBP as a result of an EAPA investigation—including protests challenging liquidation and/or reliquidation of entries subject to such EAPA investigation and their subsequent denial.⁴

Notwithstanding the above arguments, which demonstrate that Plaintiff's asserted jurisdictional basis was, indeed, proper, Defendant's reliance on 19 U.S.C. § 1514(b) and case law interpreting it is misplaced. Specifically, in arguing that this Court lacks jurisdiction over Plaintiff's action, Defendant misapplies 19 U.S.C. § 1514(b), which rests as the base for its arguments. The full text of this section states as follows:

> (b) Finality of determinations.
>
> With respect to determinations **made under section 303 of this Act [19 USCS § 1303] or title VII of this Act [19 USCS §§ 1671 et seq**.] which **are reviewable under section 516A of this title [19 USCS § 1516a**], determinations of the Customs Service are final and conclusive upon all persons (including the United States and any officer thereof) unless a civil action contesting a determination listed in section 516A of this title [19 USCS § 1516a] is commenced in the United States Court of International Trade, or review by a binational panel of a determination to which section 516A(g)(2) [19 USCS § 1516a(g)(2)] applies is commenced pursuant to section 516A(g) [19 USCS § 1516a(g)]."

19 U.S.C. § 1514(b).

---

³ Importantly, Customs' itself, when denying DBMS' protest, explained its decision as follows: "Protest Denied due to Xanthan Gum 7281 - Notice of Final Determination." *See* Attachment 1 – Public Extract of Protest Denial Decision.

⁴ In the alternative, should the Court be inclined to entertain Defendant's argument, and since EAPA is still a relatively new statute, with scarce case law interpreting, as Defendant itself admits, Plaintiff respectfully asks this Court to construe Plaintiff's complaint as also including section 1581(a) under its jurisdictional statement, *in addition* to section 1581(c), and not instead of such section, which forms the main jurisdictional basis for Plaintiff's action.

However, this section of the law applies to antidumping duty (hereinafter, "ADD") and/or countervailing duty (hereinafter, "CVD") (collectively, "AD/CVD") investigations conducted by the U.S. Department of Commerce (hereinafter, "DOC" and/or "Commerce"), and not to EAPA investigations carried out by CBP. As indicated above, these are separate statutes, providing for separate investigations, which grant this Court separate jurisdictional bases. Instead, EAPA investigations are codified under 19 U.S.C. § 1517, which explicitly and unequivocally provides for judicial review of EAPA determinations before this Court. *See* 19 U.S.C. § 1517(g)(1) (stating that the United States Court of International Trade shall have the power to review and determine whether an EAPA investigation and its subsequent determination were conducted in accordance with the EAPA statute).

Further, the plaintiff in one of the cases Defendant cites in support of its motion to dismiss, *Zenith Radio Corp. v. United States*, 710 F.2d 806 (Fed. Cir. 1983), filed its action in the USCIT challenging the annual review determination made by Commerce, which was conducted pursuant to section 751 of the Trade Agreements Act of 1979. *See* 19 U.S.C. § 1675 (hereinafter, "Section 751"). Section 751 requires Commerce to review certain antidumping duty orders and findings each year and establish the margins used to calculate the amount of dumping duties to be assessed on merchandise entered during the given one-year period under review—*i.e.,* the applicable ADD rate. The plaintiff in *Zenith* challenged the final ADD rate imposed by Commerce and sought to enjoin the liquidation of the entries covered by its action, as explicitly permitted under 19 U.S.C. § 1516a(c)(1). Section 1516a(c)(1) provides, in pertinent part:

> (c) Liquidation of entries.
>
> (1) Liquidation in accordance with determination. Unless such liquidation is enjoined by the court under paragraph (2) of this subsection, entries of merchandise of the character covered by a determination of the Secretary, the administering authority, of the Commission contested under subsection (a) shall be liquidated **in**

>     **accordance with the determination of the Secretary, the administering authority, or the Commission** * * *.

19 U.S.C. § 1516a(c)(1) (emphasis added).

As the court in *Zenith* noted, the statutory scheme above had no provision permitting reliquidation or imposition of higher ADD rates after liquidation if the plaintiff in Zenith was successful on the merits; indeed, a subsequent decision by the trial court on the merits of plaintiff's challenge could have no effect on the antidumping duties already assessed through liquidation. *See Zenith,* 710 F.2d at 810. Here, unlike in *Zenith*, the current action is not challenging an administrative review determination issued by Commerce under Section 751, but an administrative decision issued by Customs under 19 U.S.C. § 1517—a separate grant of authority, as demonstrated above. As a result, while the liquidation in *Zenith* was conducted in the "normal" course of antidumping and countervailing duty proceedings, *i.e.,* pursuant to 19 U.S.C. § 1516(d), the liquidation (namely, reliquidations) in the case herein were conducted as a result of Customs' EAPA investigation.

Finally, 19 U.S.C. § 1516(d) even provides for exceptions from the finality of liquidation, as follows:

> d) Appraisal, classification, and liquidation of entries of merchandise covered by published decisions of the Secretary.
>
> Notwithstanding the filing of an action pursuant to chapter 169 of title 28 of the United States Code [28 USCS §§ 2631 et seq.], merchandise of the character covered by the published decision of the Secretary (when entered for consumption or withdrawn from warehouse for consumption on or before the date of publication of a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit, not in harmony with the published decision of the Secretary) shall be appraised or classified, or both, and the entries liquidated, in accordance with the decision of the Secretary and, **except as otherwise provided in this chapter**, the final liquidations of these entries shall be conclusive upon all parties.

19 U.S.C. § 1516(d) (emphasis added).

One such exception is the EAPA statute, codified under 19 U.S.C. § 1517—the same chapter as 19 U.S.C. § 1516(d): "Chapter 4. Tariff Act of 1930." The EAPA regulations provide that, "[f]or entries of covered merchandise that are already liquidated when an affirmative determination is made as to evasion under § 165.27, CBP will initiate or continue *any* appropriate actions separate from this proceeding." 19 C.F.R. § 165.28(a)[5] (emphasis added).

Accordingly, the Court should find that Defendant's motion to dismiss is meritless, given that Plaintiff's asserted jurisdictional basis is proper, and issue an order denying it accordingly.

B. <u>ON THE MERITS, DEFENDANT HAS FAILED TO DEMONSTRATE THAT CUSTOMS JUSTIFIED ITS EVASION DETERMINATION AGAINST DR. BRONNER'S BY SUBSTANTIAL EVIDENCE</u>

Under EAPA, section 1517(c), Customs' determination whether covered merchandise entered the United States through evasion must be "based on substantial evidence." *Id*. § 1517(c)(1)(A). in other words, it is Defendant's burden to affirmatively prove, by substantial evidence, that "evasion," as defined under EAPA, occurred.

As an initial matter, it is undisputed, from a factual perspective, that the xanthan gum imported by DBMS was produced in China. However, from a theoretical standpoint, "covered merchandise" is a technical notion, and it means merchandise that is subject to an antidumping

---

[5] Importantly, the CBP interpretative note regarding EAPA seems to provide it with the authority to reliquidate entries otherwise liquidated pursuant to 19 U.S.C. § 1516(d). *See Investigation of Claims of Evasion of Antidumping and Countervailing Duties, Interim Regulations; Solicitation of Comments,* 81 Fed. Reg. 56,477, 56,478 (August 22, 2016) (hereinafter, "EAPA Interim Regulations") (providing that, "[i]f CBP makes an affirmative determination of evasion, CBP will: . . . (5) take such additional enforcement measures as CBP deems appropriate, including (but not limited to) modifying CBP's procedures for identifying future evasion, *reliquidating* entries as provided by law, and referring the matter to ICE for a possible civil or criminal investigation.").

and/or countervailing duty order *at the time of its entry* into the U.S. customs territory. *See* 19 U.S.C. § 1517(a)(3). Accordingly, in order to justify its positive finding of evasion against DBMS, Customs' burden was not only to prove that the xanthan gum was produced in China, but also that, at the time of its entry into the United States, the xanthan gum imported by DBMS was subject to the Order. Plaintiff continues to maintain that Customs failed to do so by substantial evidence.

First, Defendant incorrectly claims, in its Response, that DBMS had the burden to affirmatively establish the origin of its xanthan gum. There is no such requirement under EAPA. DBMS' burden, as a respondent in the EAPA investigation, was to provide enough evidence to detract from the substantiality of the evidence presented against it, which it did. *See* DBMS' Motion at 16-18; *see also Atlantic Sugar, Ltd. v. United States*, 744 F.2d,1556, 1562 (Fed. Cir. 1984) (stating that, in determining the existence of substantial evidence, the record as a whole, including evidence that supports as well as evidence that fairly detracts from the substantiality of the evidence, must be considered). Defendant failed to provide a reasoned explanation for disregarding the evidence that DBMS placed on the record supporting its claim that the xanthan gum it imported was manufactured and exported by an entity excluded from the Order (which would bring it outside the definition of covered merchandise)—the only explanation being an alleged lack of credibility of such evidence, arguably simply because DBMS had been accused of evasion under EAPA, which seems to be enough for this agency to discredit an importer despite its full cooperation during the course of the investigation conducted. *See, e.g.,* Response at 20 (claiming, without any support, that a certificate of analysis provided by DBMS in support of its defense was "evidently created by its Indian exporter," but providing no reason why this

document was not credible enough for Customs); *id.* (questioning the authenticity of this document but bringing no assertions as to why its authenticity was called under question).

Further, the cases Defendant cites in support of its argument are all set in a very different proceeding. The respondents therein were *actively* asking the court for a benefit—entitlement to duty drawback from the government—whereas here DBMS is simply presenting evidence to *defend* itself against the allegation of "evasion," as defined under EAPA.

Finally, Defendant's arguments as to why Customs did not give any meaning to the photographs DBMS submitted in support of its defense are also meritless. First, Defendant argues that, even if these photos were acceptable evidence (and again, as described above, Defendant does not even provide a reason why they do not, at a minimum, qualify as acceptable evidence), "they would nevertheless apply to only one of three shipments at issue." In other words, Defendant appears to contend that, simply because DBMS' evidence might be only partial, it should somehow be disregarded in its entirety. This reasoning cannot be accepted. Customs' decision does not need to be 'all or nothing'—it should be a reasoned decision, tailored to the specifics of each case—so even if Customs had concluded that the photographs provided by DBMS only apply to one (1) shipment, even more so they should have been considered and Customs' positive finding of evasion should have excluded that one (1) shipment.

Accordingly, Plaintiff continues to maintain that the agency has failed to support its evasion determination against DBMS by substantial evidence, because it failed to consider evidence placed on the record by DBMS that, at a minimum, fairly detracted from the substantiality of the evidence, required for a positive finding of evasion. *See Atlantic. Sugar*, 744. F.2d 1556 at 1562.

### C. DEFENDANT HAS FAILED TO DEMONSTRATE THAT CUSTOMS' APPLICATION OF ADVERSE INFERENCES WAS PROPER UNDER THE EAPA STATUTE

A prerequisite to applying adverse inferences under the EAPA statute is a party's lack of cooperation "by not acting to the best of th[at] party or person's ability to comply with a request for information." 19 U.S.C. § 1517(c)(3)(A). In its Response, the Government argues that DBMS failed to provide CBP with documentation that the agency requested in order to establish the origin of the xanthan gum imported into the United States by the Plaintiff. *See* Response at 27. As demonstrated above, DBMS did provide the agency with such documentation, but CBP did not consider it sufficient—in fact, it did not consider it at all. CBP conveniently, relying on the adverse inference provision, CBP disregarded all the evidence placed on the record by DBMS in support of its defense, providing instead questionable reasoning as to why it did not even consider such evidence, as indicated above.

Finally, Defendant contends that CBP's inference was that the xanthan gum was produced in China—that is incorrect, as CBP did not need to establish this fact through an adverse inference; indeed, as indicated above, this fact is not under dispute. However, in reality, Defendant used the adverse inference provision to justify its technical finding of evasion—which is an improper way to draw adverse inferences under EAPA. Indeed, Customs itself admitted so in its Review Determination. *See* Review Determination at 14, BCD Nos. 115-116, PD No. 305 (stating that CBP may reasonably fill evidentiary gaps with adverse inferences).

Accordingly, CBP abused its discretion when it applied adverse inferences against DBMS, as its decision to do so was based on an erroneous interpretation of the laws governing application of adverse inferences under EAPA. *See Star Fruits S.N.C. v. United States*, 393 F.3d 1277 (Fed. Cir. 2005).

## CONCLUSION

For the reasons provided above and in Plaintiff's moving brief, this court should enter judgment in its favor; holding unlawful and setting aside CBP's EAPA Determinations; ordering CBP to refund Plaintiff any monies collected on its imports as a result of CBP's evasion investigation in EAPA Case No. 7281; awarding Plaintiff a judgment for costs, including reasonable attorney fees, in accordance with the Equal Access to Justice Act, 20 U.S.C. § 2412; and granting any such additional relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Robert W. Snyder
ROBERT W. SNYDER
LAURA A. MOYA
Law Offices of Robert W. Snyder
6 Morgan, Suite 114
Irvine, CA 92618
Telephone: (949) 453-8688
E-mail(s): rsnyder@rwsnyderlaw.com
            lmoya@rwsnyderlaw.com

*Counsel for Plaintiff* All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps

Dated: **September 1, 2021**
       Irvine, CA

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ALL ONE GOD FAITH, INC., D/B/A DR. BRONNER'S MAGIC SOAPS, *et al.,*<br><br>              Plaintiffs,<br><br>              v.<br><br>UNITED STATES, *et al.,*<br><br>              Defendants | Consolidated Court No.: 20-00164 |

## CERTIFICATE OF COMPLIANCE PURSUANT TO USCIT STANDARD CHAMBER PROCEDURE 2(B)

I, Robert W. Snyder, attorney at the Law Offices of Robert W. Snyder, who is responsible for the foregoing brief, relying upon the word count of Microsoft Word's word count feature (as used to prepare the brief), certify that this brief complies with the word count limitation under USCIT Standard Chamber Procedure 2(B), and contains 3, 351 words.

                                                    Respectfully submitted,

                                                    s/ Robert W. Snyder
                                                  ROBERT W. SNYDER
                                                  LAURA A. MOYA
                                                  Law Offices of Robert W. Snyder
                                                  6 Morgan, Suite 114
                                                  Irvine, CA 92618
                                                  Telephone: (949) 453-8688
                                                  E-mail(s): rsnyder@rwsnyderlaw.com
                                                                     lmoya@rwsnyderlaw.com

                                                  *Counsel for Plaintiff* All One God Faith,
                                                  Inc., d/b/a Dr. Bronner's Magic Soaps

Dated: **September 1, 2021**
       Irvine, CA