UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:   THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ALL ONE GOD FAITH, INC., *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>    and<br><br>CP KELCO U.S., INC.,<br><br>        Defendant-Intervenor. | Consol. Court No. 20-00164 |

## DEFENDANT'S REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

Defendant, the United States, respectfully submits this reply in support of its partial motion to dismiss (ECF No. 40). As our motion established, this Court does not possess subject matter jurisdiction over the complaint filed by All One God Faith Inc. d/b/a Dr. Bronner's Magic Soaps (Dr. Bronner's) because its entries have already been liquidated and Dr. Bronner's failed to timely appeal the decision by U.S. Customs and Border Protection (CBP or agency) denying Dr. Bronner's protest of the liquidation.

The basis for the Government's motion is simple: When CBP initiated the instant investigation, it indicated that it would also implement "interim measures" while it investigated the evasion. ECF no. 2 at ¶ 28 (Dr. Bronner's Compl.). Pursuant to statute, "interim measures" means that CBP will "extend the period for liquidating each unliquidated entry of such covered merchandise that entered before the date of the initiation of the investigation." 19 U.S.C.

§ 1517(e)(2).  However – evidently in error – Dr. Bronner's entries were liquidated in May of 2019.  ECF No. 26 at 21 (Dr. Bronner's MJAR).

As errors of this nature occasionally occur, the statute provides a remedy: filing a protest with CBP to protest "any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation."  19 U.S.C. § 1514(a).  The protest must be  properly filed within 180 days of the date of liquidation.  19 U.S.C. § 1514(c)(3).  Upon receiving a timely-filed protest, CBP will make a determination whether to approve or deny the protest; this determination is "final and conclusive upon all persons (including the United States and any officer thereof) unless a civil action … is commenced in the United States Court of International Trade."  19 U.S.C. § 1514(b).  An appeal of CBP's determination in a protest must be made within 180 days of the denial of that protest.  28 U.S.C. § 2636(a).  The statute provides that this Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).

Importantly, the statute also provides that – to the extent this procedure is not followed – the liquidation "shall be final and conclusive upon all persons (including the United States and any officer thereof)."  19 U.S.C. § 1514(a).  While the statute carves out certain exceptions to this finality – including voluntary reliquidations, pursuant to 19 U.S.C. § 1501, allegations filed by domestic interested parties, or refunds – § 1517 (the EAPA provision) is *not* an exception.  19 U.S.C. § 1514(a).

The liquidation of Dr. Bronner's entries is thus "final and conclusive" and not subject to this Court's review.  *Id.*  Because review of the liquidation is no longer available, no remedy remains for Dr. Bronner's.  Specifically, the statute explains what the effect of a determination as

2

to evasion will be: CBP "shall …. extend the period for liquidating unliquidated entries of such covered merchandise that are subject to the determination", ask the Department of Commerce to "identify the applicable antidumping or countervailing duty assessment rates for" the entries, and "require the posting of cash deposits and assess duties on" the entries." 19 U.S.C. § 1517(d)(1).

Moreover, the statute also provides that parties "may seek judicial review of the determination under subsection (c) and the review under subsection (f) in the United States Court of International Trade to determine whether the determination and review is conducted in accordance with subsections (c) and (f)." 19 U.S.C. 1517(g). This Court's review is thus limited to the actual determination as to evasion made (subsection (c)) and CBP's administrative review of that determination (subsection (f)); CBP's implementation of "interim measures" (subsection (e)) is not subject to review. 19 U.S.C. § 1517. While CBP's actual determination whether to implement interim measures or not may be subject to review under § 1517(g)(2)(B), here Dr. Bronner's does not challenge CBP's *determination* to implement interim measures but rather CBP's *error* in failing to implement the measures that it announced it would implement.

As a result of Dr. Bronner's failure to pursue the evidently erroneous liquidation of its entries, no remedy remains available to it. As the United States Court of Appeals for the Federal Circuit has held, even where it is uncontested that liquidation was erroneous, failure to timely seek relief in this Court is fatal to a plaintiff's claim. *United States v. Am. Home Assur. Co.*, 789 F.3d 1313, 1323 (Fed. Cir. 2015) ("even though it is undisputed that Customs' 2005 reliquidations were erroneous, AHAC's failure to challenge those reliquidations in the Court of International Trade resulted in those liquidations becoming final and conclusive."); *see also SSAB N. Am. Div. v. U.S. Bureau of Customs & Border Prot.,* 32 C.I.T. 795, 799 (2008) (denying request for reliquidation and holding that, even where "Customs' violation of the statutory

suspension of liquidation entirely undermined the administrative and judicial review process for the affected entries and also squandered the productive efforts of interested parties, Commerce, and the Court," the "statute's principle of finality" could not be overlooked.)[1]

Dr. Bronner's response to our motion largely misses the point, asserting that because it "is challenging the evasion determinations issued by CBP's TRLED and ORR under the EAPA statute (*i.e.*, under 19 U.S.C. § 1517(c) and (f), respectively)" it "needs nothing more to establish the Court's jurisdiction under this prong." ECF No. 46 at 2. But this Court cannot review a determination unless there is a remedy it can provide. Here, the remedy sought by Dr. Bronner's is reliquidation of its entries at the 0.0% rate it asserts is applicable. ECF No. 2 at "Prayer for Relief" (asking the Court to "Order[] CBP to refund Plaintiff any monies collected on its imports as a result of U.S. Customs and Border Protection's Enforce and Protect Act investigation in Consolidated Case No. 7281.") Put another way, if this Court were to consider Dr. Bronner's assertions, hypothetically concluding that CBP's determination was not supported by substantial evidence, yet was unable to order CBP to reliquidate the entries, what relief could the Court otherwise provide? Particularly where, as here, the statute provides that the liquidation "shall be final and conclusive upon all persons (including the United States and any officer thereof)" if statutory protest procedures are not followed. 19 U.S.C. § 1514(a).

Dr. Bronner's similarly argues that it need not have appealed the denial of its protest by CBP because "Customs' reliquidation of Plaintiff's entries subject to the EAPA Investigation and its subsequent denial of [Dr. Bronner's] protests timely filed to contest such reliquidations

---

[1] Though not asserted by Dr. Bronner's in response to our motion, *SSAB* also considered whether a remedy was available pursuant to CBP's voluntary reliquidation authority under 19 U.S.C. § 1501, concluding that section "1501 simply authorizes Customs, in its discretion, to revisit a liquidation within 90 days of the notice. It does not confer any rights on Plaintiffs and therefore does not constitute a 'remedy' for Plaintiffs …" *SSAB*, 32 C.I.T. at 800.

are direct implications of the EAPA Investigation and cannot and should not be artificially separated" because "section 1581(c) is the appropriate grant of jurisdiction for its action, since it is the broader prong and should include any decisions issued by CBP as a result of an EAPA investigation—including protests challenging liquidation and/or reliquidation of entries subject to such EAPA investigation and their subsequent denial." ECF No. 46 at 2-3. But this interpretation of this Court's grant of jurisdiction is directly contradicted by the statute, which provides that this Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest" contesting a liquidation by CBP. 28 U.S.C. 1581(a). Dr. Bronner's cites no authority for its proposition that subsection (c) also grants this Court authority to review the liquidation – and, of course, even if (c) *did* grant this Court jurisdiction, Dr. Bronner's failed to timely appeal the denial of the protest.

Dr. Bronner's next makes the unsupported assertion that § 1514 applies only to anti-dumping duty determinations, and has no bearing on the EAPA statute. ECF No. 46 at 3-4. This assertion is belied both by the title of the section ("Protest against decisions of Customs Service") as well as the language upon which our motion rests, providing that parties may contest "any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service…" 19 U.S.C. § 1514(a). Moreover, § 1514(a) explicitly sets forth which determinations are not subject to its strictures – and the EAPA statute, appearing at § 1517, is not among the listed exceptions. 19 U.S.C. § 1514(a) ("Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested

parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title)…").

Dr. Bronner's also seeks to distinguish *Zenith Radio Corp. v. United States* on the ground that "unlike in *Zenith*, the current action is not challenging an administrative review determination issued by Commerce under Section 751, but an administrative decision issued by Customs under 19 U.S.C. § 1517—a separate grant of authority…" ECF No. 46 at 5, citing 710 F.2d 806 (Fed. Cir. 1983). But this is a distinction without meaning, as our base assertion – that entries liquidated in error must be protested, and no remedy remains if statutory appeal procedures are not followed – is equally applicable to antidumping duty and EAPA determinations. The fact remains that the statute requires a party to preserve its rights by appealing CBP's denial of a protest, and none of the enumerated exceptions to that requirement encompass EAPA. 19 U.S.C. § 1514.

Finally, Dr. Bronner's argues that an exception to the protest appeal requirement does exist here because "EAPA regulations provide that, '[f]or entries of covered merchandise that are already liquidated when an affirmative determination is made as to evasion under § 165.27, CBP will initiate or continue *any* appropriate actions separate from this proceeding.'" ECF No. 46 at 6, quoting 19 C.F.R. § 165.28(a) (emphasis in original). But this only illustrates our base point: to the extent the entries were erroneously liquidated, Dr. Bronner's was required to protest that decision and then appeal the denial of that protest to this Court. As it failed to do so, this Court does not possess subject matter jurisdiction over its complaint.

## **Conclusion**

For these reasons, we respectfully request that the Court grant our partial motion to dismiss, and hold that it does not possess subject matter jurisdiction over the complaint filed by Dr. Bronner's.

                                              Respectfully submitted,

                                              BRIAN M. BOYNTON
                                              Acting Assistant Attorney General

                                              JEANNE E. DAVIDSON
                                              Director

                                              /s/ L. Misha Preheim
                                              L. MISHA PREHEIM
                                              Assistant Director

| OF COUNSEL: | /s/ Kelly A. Krystyniak |
|---|---|
| COREY CELT | KELLY A. KRYSTYNIAK |
| Attorney | Trial Attorney |
| U.S. Customs and Border Protection | Department of Justice |
| Office of the Chief Counsel | Civil Division |
| | Commercial Litigation Branch |
| | P.O. Box 480 |
| | Ben Franklin Station |
| | Washington D.C. 20044 |
| | Tel: (202) 307-1063 |
| | Email: kelly.a.krystyniak@usdoj.gov |
| | |
| September 22, 2021 | *Attorneys for Defendant United States* |

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that this brief complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the brief was prepared, the public version of the brief contains a total of 1,924 words.

s/ Kelly A. Krystyniak

September 22, 2021