## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE:     THE HONORABLE GARY S. KATZMANN, JUDGE**

ALL ONE GOD FAITH, INC., *et al.,*

                Plaintiffs,

      v.

UNITED STATES,

                Defendant,

   and

CP KELCO U.S., INC.,

                Defendant-Intervenor.

Consol. Court No. 20-00164

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Defendant, the United States, respectfully submits this opposition to the request for a temporary restraining order and preliminary injunction filed by plaintiff GLoB Energy Corporation (GLoB).  ECF No. 52 (Pl. Mot.).  Because GLoB seeks a remedy that this Court cannot provide, and GLoB can preserve its rights via another avenue, this Court should deny the motion.

The relevant facts are not in dispute:  GLoB entered two entries of xanthan gum, and CBP determined that these entries had evaded applicable antidumping duties.  Pl. Mot. at 2. When CBP initiated the instant investigation, it indicated that it would also implement "interim measures" while it investigated the alleged evasion.  ECF no. 2 at ¶ 28.  Pursuant to statute, "interim measures" means that CBP will "extend the period for liquidating each unliquidated

entry of such covered merchandise that entered before the date of the initiation of the investigation."  19 U.S.C. § 1517(e)(2).

However – evidently in error – GLoB's entries were liquidated in October of 2019.  Pl. Mot at 2.  GLoB filed a protest against the liquidation pursuant to 19 U.S.C. § 1514.  *Id.*  CBP denied the protest on April 9, 2021, finding that a determination of evasion had been issued in March 2020 and that GLoB had failed to provide production records to substantiate its claim that the entries should be subject to a 0.0% antidumping duty.  *Id.*  After its protest was denied, GLoB asked CBP to suspend its protest for the duration of this litigation.  *Id.*  CBP responded that it could not do so because, pursuant to regulation, CBP may only suspend a protest if suspension is requested at the time the protest is filed- not after the protest is decided.[1]  *Id.; see also* 19 C.F.R. 174.28.  The complaint filed by GLoB does not seek to appeal the denial of its protest under 29 U.S.C. § 1581(a).

We thus contest plaintiff's motion because the Court does not have the authority to do what GLoB asks.  Per statute, liquidation of an entry is "final and conclusive" unless "a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade."  19 U.S.C. § 1514(a).  This Court is granted the authority to review CBP's denial of a protest under § 1581(a) – not (c).  28 U.S.C. § 1581.  As our motion to dismiss the complaint filed by All One God Faith, Inc. d/b/a Dr. Bronner's Magic Soaps (Dr. Bronner's) explained, CBP's liquidation of entries under evasion review was evidently in error, given its indication that it would implement "interim measures."  Per statute, "interim measures" means that CBP will "extend the period for liquidating each unliquidated entry of such covered

---

[1] Importantly, CBP has not yet resolved the protests of the other three plaintiffs and the liquidation of those entries is not yet "final and conclusive."

merchandise that entered before the date of the initiation of the investigation." 19 U.S.C. § 1517(e)(2). However, as errors of this nature occasionally occur, the statute provides a remedy: filing a protest with CBP to protest "any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation." 19 U.S.C. § 1514(a). The protest must be properly filed within 180 days of the date of liquidation. 19 U.S.C. § 1514(c)(3).

Upon receiving a timely-filed protest, CBP will make a determination whether to approve or deny the protest; this determination is "final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section, *or unless a civil action contesting the denial of a protest*, in whole or in part, is commenced in the United States Court of International Trade." 19 U.S.C. § 1514(b)(emphasis added). An appeal of CBP's determination in a protest must be made within 180 days of the denial of that protest. 28 U.S.C. § 2636(a). The statute provides that this Court "shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).

Importantly, the statute also provides that – to the extent this procedure is not followed – the liquidation "shall be final and conclusive upon all persons (including the United States and any officer thereof)." 19 U.S.C. § 1514(a). While the statute carves out certain exceptions to this finality – including voluntary reliquidations, pursuant to 19 U.S.C. § 1501, allegations filed by domestic interested parties, or refunds – § 1517 (the EAPA provision) is not an exception. 19 U.S.C. § 1514(a). Binding precedent has repeatedly affirmed that, once an entry has been liquidated – even if it is uncontested that the liquidation was in error – this Court does not possess subject matter jurisdiction over that entry. *See* ECF No. 51 at 2-3, quoting *United States*

*v. Am. Home Assur. Co*., 789 F.3d 1313, 1323 (Fed. Cir. 2015) ("even though it is undisputed

that Customs' 2005 reliquidations were erroneous, AHAC's failure to challenge those

reliquidations in the Court of International Trade resulted in those liquidations becoming final

and conclusive.").

The liquidation of GLoB's entries is thus "final and conclusive" unless it timely files "a

civil action contesting the denial of a protest…" 19 U.S.C. § 1514(a).  GLoB, presumably, seeks

to ensure that it is not placed in the same circumstance as Dr. Bronner's, and asks this Court to

"require Defendant to return to unliquidated status all liquidated entries of xanthan gum in this

litigation under protest (530120102431 filed at Port 5301) or suspend the same protest during the

pendency of this litigation."  Pl. Mot. at 22.  But this Court not have the ability to do so because

that liquidation is "final and conclusive" unless GLoB files "a civil action contesting the denial

of a protest…," which it has not done.  19 U.S.C. § 1514(a).  However, unlike in the case of Dr.

Bronner's, the time period to protest the denial of GLoB's protest has not yet run.  GLoB could

thus file an action appealing CBP's denial of its protest under § 1581(a).  By so doing, this Court

would retain jurisdiction over the already-liquidated entries.

GLoB's motion largely parallels Dr. Bronner's response to our motion to dismiss,

asserting that "section 1581(c) is the appropriate grant of jurisdiction for its action, since it is the

broader prong and should include any decisions issued by CBP as a result of an EAPA

investigation."  Pl. Mot at 5.  As we explained in our reply in support of our motion (ECF No.

51), this interpretation of this Court's grant of jurisdiction is directly contradicted by the statute,

which provides that this Court "shall have exclusive jurisdiction of any civil action commenced

to contest the denial of a protest" contesting a liquidation by CBP under § 1581(a) – not (c).  28

U.S.C. § 1581(a).  GLoB cites no authority for its proposition that subsection (c) also grants this Court authority to review the liquidation.

GLoB also asserts that the Court's ability to review the EAPA determination is "codified under 19 U.S.C. § 1517, which explicitly and unequivocally provides for judicial review of EAPA determinations before this Court."  Pl. Mot. at 6.  But we do not contest this Court's ability to review a determination under EAPA – rather, we make the point that, unless the already-liquidated entries are also within this Court's purview, then there is no remedy that the Court could provide.  And the statute is clear that a liquidation is "final and conclusive" unless an action "to contest the denial of the protest" is commenced in this Court.  19 U.S.C. § 1514(a).

GLoB next makes the unsupported assertion that § 1514 applies only to anti-dumping duty determinations, and has no bearing on the EAPA statute.  Pl. Mot. at 5-6.  This assertion is belied both by the title of the section ("Protest against decisions of Customs Service") as well as the language upon which our motion rests, providing that parties may contest "any clerical error, mistake of fact, or other inadvertence, whether or not resulting from or contained in an electronic transmission, adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of the Customs Service…"  19 U.S.C. § 1514(a).  Moreover, § 1514(a) explicitly sets forth which determinations are not subject to its strictures – and the EAPA statute, appearing at § 1517, is not among the listed exceptions.  19 U.S.C. § 1514(a) ("Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), section 1520 of this title (relating to refunds), and section 6501 of title 26 (but only with respect to taxes imposed under chapters 51 and 52 of such title)…").

GLoB also seeks to distinguish *Zenith Radio Corp. v. United States* on the ground that "unlike in Zenith, the current action is not challenging an administrative review determination issued by Commerce under Section 751, but an administrative decision issued by Customs under 19 U.S.C. § 1517—a separate grant of authority…" Mot. at 7, citing 710 F.2d 806 (Fed. Cir. 1983). But this is a distinction without meaning, as our base assertion – that entries liquidated in error must be protested, and no remedy remains if the statutory appeal procedures are not followed – is equally applicable to antidumping duty and EAPA determinations. The fact remains that the statute requires a party to preserve its rights by appealing CBP's denial of a protest, and none of the enumerated exceptions to that requirement encompass EAPA. 19 U.S.C. § 1514.

Finally, GLoB cites to 19 U.S.C. § 1516(d) for the proposition that that provision "provides for exceptions from the finality of liquidation." Pl. Mot. at 7. But that statutory provision relates to "Petitions By Domestic Interested Parties" – irrelevant to the instant case. 19 U.S.C. § 1517. Moreover, even if that statute does provide some exceptions to the finality of liquidation, GLoB makes no attempt to illustrate which exception would apply here. Mot. at 7-8.

The remainder of GLoB's motion discusses the four factors considered by Courts facing a request for a temporary restraining order or preliminary injunction. However, a necessary precursor to such a request is the Court's ability to provide the relief requested. As we explain above, GLoB points to no legal authority for its proposition that this Court could order its entries be "returned to unliquidated status" and indeed, the statute is clear that this Court does not possess subject matter jurisdiction to review entries that have already been liquidated "unless a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade." 19 U.S.C. § 1514.

Moreover, injunctive factors do not favor GLoB's request.  When considering a request

for a preliminary injunction or temporary restraining order, this Court considers four factors: "(1)

whether the party will incur irreparable harm in the absence of such order or injunction; (2) that

the party is likely to succeed on the merits of the action; (3) that the balance of hardships favors

the imposition of temporary equitable relief; and (4) that the temporary restraining order or

injunction is in the public interest."  *U.S. Auto Parts Network, Inc. v. United States*, 307 F. Supp.

3d 1373, 1377 (Ct. Int'l Trade 2018) (citing *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 20

(2008)).

First, GLoB will not suffer irreparable harm, because another avenue for it to preserve its

rights exists: it could timely file an (a) action contesting CBP's denial of its protest.  Moreover,

the actual harm that GLoB contests- the liquidation of its entries – has already occurred and, as

we explain above, this Court cannot offer any remedy for that liquidation unless an appeal of the

denial of a protest is timely filed.  19 U.S.C. § 1514.

Next, as our response in opposition to plaintiffs' motions for judgment upon the

administrative record established, GLoB is not likely to succeed on the merits of its challenge to

CBP's evasion determination.  See ECF No. 40 at 25.  As our motion established, GLoB

conceded that the subject xanthan gum had not been produced in India, but also argued that the

merchandise would have been excluded from the order and thus no evasion occurred.  *Id*.

However, GLoB failed to provide documentation as to which entity had produced and exported

the xanthan gum from China, instead relying on publicly available data from "Import Genius"

for the assertion that an entity referred to only as "Fufeng" both produced and exported the

xanthan gum.  P.R. 226-227.  CBP determined that this documentation was not sufficient to

establish which entity had actually produced and exported the xanthan gum, and that determination is supported by substantial evidence.

Finally, the balance of hardships and public interest favor the Government because GLoB is seeking a remedy that this Court cannot provide.  While Congress could have provided GLoB another avenue to contest already-liquidated entries when it promulgated the EAPA statute, it did not.  Rather, it left in place the statutory language mandating that liquidation be "final and conclusive" unless "a civil action contesting the denial of a protest, in whole or in part, is commenced in the United States Court of International Trade."  19 U.S.C. § 1514(a).  The public interest is served by compliance with the statute.

Because the Court cannot provide the requested relief, and another avenue exists to preserve GLoB's rights, this Court should deny GLoB's motion.

## Conclusion

For these reasons, we respectfully request that the Court deny GLoB's motion.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

OF COUNSEL:
COREY CELT
Attorney
U.S. Customs and Border Protection
Office of the Chief Counsel

/s/ Kelly A. Krystyniak
KELLY A. KRYSTYNIAK
Trial Attorney
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480

Ben Franklin Station
Washington D.C. 20044
Tel: (202) 307-1063
Email: kelly.a.krystyniak@usdoj.gov

September 30, 2021                        *Attorneys for Defendant United States*

**<u>CERTIFICATE OF COMPLIANCE</u>**

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that this brief complies with the Court's type-volume limitation rules.  According to the word count calculated by the word processing system with which the brief was prepared, the public version of the brief contains a total of 2,414 words.

<u>s/ Kelly A. Krystyniak</u>

September 30, 2021