UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:     THE HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| ALL ONE GOD FAITH, INC., *et al.*,<br><br>         Plaintiffs,<br><br>         v.<br><br>UNITED STATES,<br><br>         Defendant,<br><br>         and<br><br>CP KELCO U.S., INC.,<br><br>         Defendant-Intervenor. | Consol. Court No. 20-00164 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Defendant, the United States, respectfully submits this opposition to plaintiff All One God Faith Inc. d/b/a Dr. Bronner's Magic Soaps (Dr. Bronner's) motion for leave to file an amended complaint.  ECF no. 67.  As set forth below, the Court should deny the motion because plaintiff seeks only to amend its complaint – not its summons – and, in any event, binding precedent holds that a summons cannot be amended to assert jurisdiction over a denied protest after the jurisdictional 180-day time period has lapsed.

### STATEMENT OF FACTS

On May 7, 2019, CBP's Trade Remedy Law Enforcement Directorate (TRLED), Office of Trade initiated an investigation under Title IV of the Trade Facilitation and Trade Enforcement Act of 2015 (TFTEA), Pub. L. No. 114-125, 130 Stat. 122 (2016), commonly

referred to as the "Enforce and Protect Act" or "EAPA," to determine whether certain shipments of xanthan gum had been entered into the United States by means of evasion. *See* Notice of Initiation of Investigation in Consolidated EAPA Case No. 7281 (C.R. 40) (August 12, 2019) (Notice of Initiation). CBP ultimately concluded that certain of Dr. Bronner's entries of xanthan gum had, in fact, been entered into the United States by means of evasion. C.R. 113 (final determination).

Although plaintiff has still not identified the specific protests that it wishes to invoke the Court's jurisdiction under 28 U.S.C. § 1581(a) to contest (and even plaintiff's proposed amended complaint still makes no mention of any specific protest numbers), CBP has identified two protests filed by Dr. Bronner's, challenging CBP assessment of antidumping duties on four entries. *See* ECF No. 40-1 (Ex. A. French Dec. ¶¶ 7-8). These protests were denied by CBP, "due to the Final Determination in EAPA Investigation No. 7281," on April 9 and April 21, 2020. *Id.*

Dr. Bronner's filed its summons and complaint in this Court on August 26, 2020. *See* ECF Nos. 1, 2. The summons is not on the Court-prescribed form to assert jurisdiction pursuant to 28 U.S.C. § 1581(a), makes no reference to the denied protests, and does not list the specific entries that Dr. Bronner's contests. ECF No. 1. Similarly, its complaint makes no reference to CBP's denial of the protests, and asserts that this Court possesses subject matter jurisdiction over its allegations pursuant to 28 U.S.C. § 1581(c). ECF No. 2 at ¶¶ 4-5.

Along with defending the EAPA determination on its merits, we moved to dismiss the complaint on August 2, 2021 asserting that this Court does not possess subject matter jurisdiction to consider Dr. Bronner's entries because – though it initiated this matter within 180 days of the denial of its protests by CBP – the complaint makes no reference to the protests nor does it assert

jurisdiction under § 1581(a).  ECF No. 40.  The Court held oral argument on the parties' respective motions for judgment upon the administrative record and our motion to dismiss on February 15, 2022.  ECF No. 63.  The instant motion followed.

## ARGUMENT

### I.   Standard Of Review – Subject Matter Jurisdiction

The Court's determination of subject matter jurisdiction is a threshold inquiry.  *Steel Co. v. Citizens For A Better Env't*, 523 U.S. 83, 94–95 (1998).  "It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof." *CR Indus. v. United States*, 10 CIT 561, 562 (1986).  When jurisdiction is challenged pursuant to Rule 12(b)(1), a plaintiff has the burden of establishing the basis for jurisdiction.  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Wally Packaging, Inc. v. United States*, 578 F. Supp. 1408, 1410 (Ct. Int'l Trade 1984) (noting that "[w]hen the Court's jurisdiction is challenged, the party asserting jurisdiction has the burden of establishing that jurisdiction exists").

Furthermore, "[i]t is elementary that [t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citations omitted).  A waiver of sovereign immunity must be unequivocally expressed, not merely implied.  *Id*.  As the United States Supreme Court stated in *Ruckelshaus v. Sierra Club*:

> Waivers of immunity must be "construed strictly in favor of the sovereign," *McMahon v. United States*, 342 U.S. 25, 27, 72 S. Ct. 17, 19, 96 L. Ed. 268 (1951), and not "enlarge[d] . . . beyond what the language requires." *Eastern Transp. Co. v. United States*, 272 U.S. 675, 686, 47 S. Ct. 289, 291, 71 L. Ed. 472 (1927).

463 U.S. 680, 685 (1993).

The precise expression of consent to suit are the jurisdictional statutes enacted by Congress which authorize suit against the United States only under certain conditions. In customs and trade litigation, subject matter jurisdiction in actions against the United States is conferred upon this Court by 28 U.S.C. § 1581. Thus, although the United States has consented to be sued in this Court, such suits may only be permitted if the conditions of that statute are met.

## II.     Dr. Bronner's Motion Should Be Denied

This Court should deny Dr. Bronner's motion because – even if granted – the motion cannot cure Dr. Bronner's fatal jurisdictional flaw. Specifically, the United States Court of Appeals for the Federal Circuit has held that – in order to assert jurisdiction over entries subject to a protest denied by CBP – the initial pleading (*i.e.* the summons) must specifically identify the protest that was the subject of the notice of denial under Section 515 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1515 (Section 515). *DaimlerChrysler Corp. v. United States*, 442 F.3d 1313 (Fed. Cir. 2006). And, importantly, the Federal Circuit has also held that a summons may not be amended to cure such a defect after the jurisdictional 180-day requirement has lapsed. *Id.* *See* 28 U.S.C. § 1581(a) (providing "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930") and 28 U.S.C. § 2636(a)(1) ("A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade … within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act.").

The Federal Circuit's decision in *DaimlerChrysler* is directly on point and binding on this Court. In that case, the plaintiff imported U.S.-produced sheet metal to Mexico to be painted and processed into motor vehicles and then re-imported to the United States. *Id.* at 1315. Plaintiff

sought a partial duty exemption from CBP and – when CBP declined – filed several protests contesting the duty amounts collected. *Id.* Plaintiff then appealed to this Court, seeking to invoke jurisdiction over 81 denied protests covering 2,105 entries. *Id.* Attached to DaimlerChrysler's summons was a schedule allegedly laying out the specific entries and protests it sought to contest. *Id.* However, it was later determined that the schedule omitted seven protests (covering over 400 entries) and 97 entries from a protest specifically listed in the summons. *Id.* at 1316.

After the 180-day period to appeal a denied protest lapsed, DaimlerChrysler moved to amend its summons to include the omitted protests and entry numbers. *Id.* This Court permitted amendment to include the 97 entries that were part of a protest specifically listed in the summons, but declined to permit amendment to add the seven protests not listed. *Id.* As this Court explained, "if there is no entry number on or attached to the summons and no protest number on or attached to the summons at the time it is filed, the general understanding that DaimlerChrysler intended to pursue this issue as to all possibly affected entries will not suffice." *Id.* (quoting *DaimlerChrysler Corp. v. United States*, 28 C.I.T. 2105 (2004), *aff'd*, 442 F.3d 1313 (Fed. Cir. 2006)).

The Federal Circuit affirmed, first explaining that the 180-day time limit under 28 U.S.C. § 2636(a) is jurisdictional. *DaimlerChrysler,* 442 F.3d at 1316 (citing *Pollak Import–Export Corp. v. United States*, 52 F.3d 303, 306 (Fed. Cir. 1995)). Section 2636(a) provides that:

> A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—
>
> (1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act; or
>
> (2) within one hundred and eighty days after the date of denial of

>> a protest by operation of law under the provisions of section 515(b) of such Act.

28 U.S.C. § 2636(a).

The Federal Circuit next considered which filing – the summons or the complaint – commences an action under § 2636, concluding that, based on the language of § 2632(b), "the summons serves as the initial pleading." *Id.* quoting 28 U.S.C. § 2632(b) ("A civil action in the Court of International Trade under section 515 or section 516 of the Tariff Act of 1930 shall be commenced by filing with the clerk of the court a summons, with the content and in the form, manner, and style prescribed by the rules of the court."). The Federal Circuit explained that deeming the summons to be the initial pleading is consistent with the legislative history because "[b]efore 1970, denial of a protest was sufficient to automatically confer jurisdiction on the Customs Court to review Customs' decision." *Id.* at 1318. The statute thus was an attempt to stem the backlog of protests by placing the burden on an importer to specifically identify which denied protest covering which entries it intended to appeal to this Court. *Id.* Moreover, Congress confirmed that it intended the summons to be deemed the initial pleading in 1980, by explicitly carving appeals of denied protests out from the requirement that civil actions must generally be commenced in the Court of International Trade by concurrently filing the summons and complaint. *See* 28 U.S.C. § 2632(a) (providing the general rule, "[e]xcept for civil actions specified in subsections (b) and (c)"); *id.* at § 2632(b) (providing a special rule for, *inter alia*, "[a] civil action in the Court of International Trade under section 515"). Specifically, for actions to contest the denial of a protest under section 515, Congress enacted the special rule that such actions "shall be commenced by filing with the clerk of the court a *summons*, with the content and in the form, manner, and style prescribed by the rules of the court." *Id.* at § 2632(b) (emphasis added).

6

Thus, Dr. Bronner's motion – which seeks only to amend its complaint – cannot cure its jurisdictional defect. Moreover, even if Dr. Bronner's were to seek to amend its summons as well, it cannot do so at this time.

Having concluded that the summons is the initial pleading, the Federal Circuit next considered whether DaimlerChrysler could amend its summons to include additional protests after the 180-day jurisdictional period had lapsed, concluding that it could not. *DaimlerChrysler*, 442 F.3d at 1318. This, the Federal Circuit, explained, is because – under Article III of the Constitution – this Court's jurisdiction is limited and "it is settled that a party invoking federal court jurisdiction must, in the initial pleading, allege sufficient facts to establish the court's jurisdiction." *Id.* citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 277–78 (1936); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1206, at 117–18.9. Because "[t]he plain language of the pertinent statutes establishes that the Court of International Trade has jurisdiction only to review 'the denial of a protest,' and that each protest denial is the basis of a separate claim," the Federal Circuit concluded that "each protest forms the basis for a separate cause of action, [and] the summons must establish the Court of International Trade's jurisdiction as to *each protest*." *Id.* quoting 28 U.S.C. §§ 1581(a), 2631(a), 2635(a), 2636(a) (emphasis added) ("The essential jurisdictional fact –the denial of the protest—simply cannot be affirmatively alleged without specifically identifying each protest involved in the suit."). The Federal Circuit thus held that because "[n]either general statements of the subject matter of the protests nor listing of the total number of protests at issue in the suit is sufficient" to establish jurisdiction in the summons, DaimlerChrysler could not amend its summons to include the omitted protests after the 180-day window closed. *Id.* at 1319. Based on this, the Federal Circuit affirmed this

7

Court's decision denying DaimlerChrysler's motion to amend its summons. *Id.* at 1322.

Here, although Dr. Bronner's still has not identified with specificity the protests that it wishes to invoke the Court's jurisdiction under 28 U.S.C. § 1581(a) to contest, CBP has identified two protests filed by Dr. Bronner's challenging CBP's assessment of antidumping duties upon the liquidation of its entries, and CBP denied these protests on April 9 and 21, 2020. ECF No. 40-1 (Ex. A, French Dec. at ¶¶ 7-8). While Dr. Bronner's commenced this action within 180 days of the date of mailing of the notices of CBP denial of these protests, neither the summons nor complaint indicate that it seeks to appeal the denial of these protests and both documents invoke this Court's jurisdiction under § 1581(c), not (a). *See* ECF Nos. 1, 2 at ¶¶ 4-5. Indeed, even outside its invocation of the improper jurisdictional provision, Dr. Bronner's summons and complaint cannot be construed as pleading an appeal of a protest denial; in fact, neither *even mentions* the protests. *See, generally*, ECF No. 1, 2. Dr. Bronner's has thus failed to timely appeal CBP's denial of its protests, and the 180-day deadline to do so has long lapsed. Mot. at 6 (conceding that the 180-day windows to appeal denied protests closed on October 6, 2020, and October 18, 2020.)

Because CBP's denial of the protests is "final and conclusive" and Dr. Bronner's failed to timely appeal that denial to this Court, no remedy remains for Dr. Bronner's. As the Federal Circuit has held, even where it is uncontested that liquidation was erroneous, failure to timely seek relief in this Court is fatal to a plaintiff's claim. *United States v. Am. Home Assur. Co.*, 789 F.3d 1313, 1323 (Fed. Cir. 2015) ("even though it is undisputed that Customs' 2005 reliquidations were erroneous, AHAC's failure to challenge those reliquidations in the Court of International Trade resulted in those liquidations becoming final and conclusive."); *see also Mitsubishi Elecs. Am. v. United States,* 865 F. Supp. 877, 879 (Ct. Int'l Trade 1994); *Omni*

*U.S.A., Inc. v. United States*, 840 F.2d 912 (Fed. Cir. 1988).

Thus, this Court does not possess subject matter jurisdiction over Dr. Bronner's claims, and Dr. Bronner's cannot cure the defect. For these reasons, its motion for leave to file an amended complaint should be denied, and our motion to dismiss (ECF No. 40) should be granted.

## Conclusion

For these reasons, we respectfully request that the Court deny plaintiff's motion, and grant our motion to dismiss.

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    PATRICIA M. MCCARTHY
    Director

    /s/ L. Misha Preheim
    L. MISHA PREHEIM
    Assistant Director

OF COUNSEL:      /s/ Kelly A. Krystyniak
TAMARI J. LAGVILAVA      KELLY A. KRYSTYNIAK
Attorney      Trial Attorney
U.S. Customs and Border Protection      Department of Justice
Office of the Chief Counsel      Civil Division
    Commercial Litigation Branch
    P.O. Box 480
    Ben Franklin Station
    Washington D.C. 20044
    Tel: (202) 307-1063
    Email: kelly.a.krystyniak@usdoj.gov

March 18, 2022      *Attorneys for Defendant United States*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 2(b) of the Court's Standard Chambers Procedures, defendant's counsel certifies that this brief complies with the Court's type-volume limitation rules. According to the word count calculated by the word processing system with which the brief was prepared, the public version of the brief contains a total of 2,731 words.

s/ Kelly A. Krystyniak

March 18, 2022