Slip Op. 22-75

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| ALL ONE GOD FAITH, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> CP KELCO U.S., INC., <br><br> Defendant-Intervenor. | Before: Gary S. Katzmann, Judge <br> Consol. Court No. 20-00164 |

### OPINION

[The court denies Plaintiff All One God Faith, Inc.'s motion to file a first amended complaint or, in the alternative, to supplement its complaint.]

Dated: June 24, 2022

Laura A. Moya and Robert Snyder, Law Offices of Robert W. Snyder, of Irvine, CA, for Plaintiff All One God Faith, Inc., d/b/a Dr. Bronner's Magic Soaps.

Kyl J. Kirby, Kyl J. Kirby, Attorney and Counselor at Law, P.C., of Fort Worth, TX, for Consolidated Plaintiffs Ascension Chemicals LLC, UMD Solutions LLC, GLōB Energy Corporation, and Crude Chem Technology LLC.

Kelly A. Krystyniak, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., for Defendant United States. With her on the brief were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and L. Misha Preheim, Assistant Director. Of counsel on the brief was Tamari J. Lagvilava, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of New York, N.Y.

Matthew J. Clark, ArentFox Schiff LLP, of Washington, D.C., for Defendant-Intervenor CP Kelco U.S., Inc.

Katzmann, Judge: Before the court is Plaintiff All One God Faith, Inc.'s motion for leave to file an amended complaint. Plaintiff, challenging the determination of evasion issued against it by U.S. Customs and Border Protection ("CBP") under the Enforce and Protect Act ("EAPA"), now seeks to amend its complaint to explicitly contest CBP's denial of its protests with respect to the xanthan gum entries subject to the EAPA determination. As Plaintiff's motion is both untimely and futile, the motion is denied.

## BACKGROUND

Plaintiff All One God Faith, Inc. (known more commonly as Dr. Bronner's Magic Soaps, or "Dr. Bronner's"), is a personal-care product manufacturer and importer of xanthan gum. Compl. 3, Aug. 25, 2020, ECF No. 2. It filed its summons and complaint in this court on August 26, 2020, in response to a finding by CBP that Dr. Bronner's had evaded mandated duties on its imports of xanthan gum from China. Id. at 8–9; Summons, ECF No. 1. This determination, ultimately appealed to and affirmed by CBP's Office of Trade, Regulations & Rulings ("ORR"), was made on the basis that Dr. Bronner's had transshipped Chinese xanthan gum through India and thus avoided the applicable Chinese antidumping duty rate. Def.'s Resp. to Pls.' Mots. for J. on the Agency R. 4, Aug. 2, 2021, ECF No. 40 ("Def.'s 56.2 Br."). The summons is not on the court-prescribed form to assert jurisdiction pursuant to 28 U.S.C. § 1581(a), makes no reference to the denied protests, and does not list the specific entries that Dr. Bronner's contests. Summons. Similarly, its complaint makes no reference to CBP's denial of the protests, and asserts that this Court possesses subject matter jurisdiction over its allegations pursuant to 28 U.S.C. § 1581(c). Compl. at 2.

In its complaint, Dr. Bronner's challenged CBP's determination of evasion with respect to all of its entries of xanthan gum between April 16, 2018, and the conclusion of CBP's investigation

on March 9, 2020 (the "Subject Entries"). Dr. Bronner's alleged specifically that (1) the Subject Entries were not in fact subject to the relevant antidumping duty order, as their manufacturer was excluded from its scope; (2) CBP failed to adequately substantiate its finding that Dr. Bronner's evasion resulted in CBP's loss of antidumping duty cash deposits; (3) CBP abused its discretion by disregarding Dr. Bronner's submitted evidence; (4) CBP abused its discretion by unlawfully applying adverse inferences to Dr. Bronner's; (5) CBP abused its discretion by prematurely liquidating the Subject Entries at the China-wide rate; (6) CBP abused its discretion by wrongfully applying a substantial evidence standard of review; and (7) CBP failed to comply with EAPA's procedural requirements. These allegations were presented for the court's review in Dr. Bronner's Motion for Judgment on the Agency Record, filed on February 16, 2021. Pls.' Mot. for J. on the Agency R., ECF No. 26. Notably, Defendant the United States ("the Government") opposed Dr. Bronner's motion and simultaneously moved to dismiss Dr. Bronner's complaint on the basis that Dr. Bronner's protested CBP's liquidation of its entries but had "failed to timely appeal the denial of those protests" to the court. Def.'s 56.2 Br. at 1. Oral argument on both motions was held on February 15, 2022. Oral Argument, ECF No. 63

Shortly after oral argument, Dr. Bronner's filed the motion now before the court, requesting permission to amend the complaint in order to include a challenge to CBP's denial of Dr. Bronner's protest of the liquidation of the Subject Entries. Pl.'s Mot. for Leave to File a First Am. Compl., Feb. 25, 2022, ECF No. 67 ("Pl.'s Br."). Dr. Bronner's contends that the amendments proposed "seek to explicitly assert this Court's subject matter jurisdiction over this action under 28 U.S.C. § 1516(a)—the statute providing this Court with jurisdiction over denials of protests only—in addition to the original authority alleged by [Dr. Bronner's], 28 U.S.C. § 1581(c)—which provides this Court with jurisdiction over any CBP EAPA determinations." Id. at 3. The Government

opposes Dr. Bronner's motion, arguing that (1) Dr. Bronner's seeks only to amend its complaint, and not its summons, thus failing to cure any extant jurisdictional defect, and (2) even if Dr. Bronner's sought to amend its summons, its motion is untimely. Def.'s Opp. to Pl.'s Mot. for Leave to File an Am. Compl., Mar. 13, 2022, ECF No. 68 ("Def.'s Br.").

## JURISDICTION

This court, "like all federal courts, is a court of limited jurisdiction." Indus. Chems. Inc. v. United States, 941 F.3d 1368, 1371 (Fed. Cir. 2019) (quoting Sakar Int'l., Inc. v. United States, 516 F.3d 1340, 1349 (Fed. Cir. 2008)). That jurisdiction includes "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 28 U.S.C. § 1581(a). Where such jurisdiction is challenged, the "party invoking the [Court of International Trade's] jurisdiction has the burden of establishing that jurisdiction." Wangxiang Am. Corp. v. United States, 12 F.4th 1369, 1373 (Fed. Cir. 2021) (quoting Norsk Hydro Can., Inc. v. United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006)).

In order to assert jurisdiction over entries subject to a protest denied by CBP, the initial pleading (i.e. the summons) must specifically identify the protest that was the subject of the notice of denial under 19 U.S.C. § 1515. DaimlerChrysler Corp. v. United States, 442 F.3d 1313 (Fed. Cir. 2006). A summons may not be amended to cure such a defect after the jurisdictional 180-day requirement for contesting the denial of a protest has lapsed. Id.; see 28 U.S.C. § 1581(a) (providing "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under [19 U.S.C. § 1515]") and 28 U.S.C. § 2636(a)(1) ("A civil action contesting the denial, in whole or in part, of a protest under [19 U.S.C. § 1515] is barred unless commenced in accordance with the rules of the Court of International Trade . . . within one hundred

and eighty days after the date of mailing of notice of denial of a protest under [19 U.S.C. § 1515(a)].").

With respect to the amendment of complaints, U.S. Court of International Trade Rule 15(a)(2) provides that the court "should freely give leave [to amend a pleading] when justice so requires." However, leave to amend may be denied on the basis of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and so forth. Intrepid v. Pollock, 907 F.2d 1125, 1128 (Fed. Cir. 1990) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

## DISCUSSION

Dr. Bronner's argues that its proposed amendments are "mere technicalities." Pl.'s Br. at 3. While it admits its motion "could have been filed at an earlier stage," it contends that its delay was "inadvertent" and that it has now filed to clarify its assertion of subject matter jurisdiction following an "instructive" oral argument highlighting the Government's jurisdictional challenges. Pl.'s Br. at 4–5.

In fact, Dr. Bronner's was alerted to its potential jurisdictional deficiencies well before it filed any motion to repair them. The Government's partial motion to dismiss was filed on August 2, 2021, more than six months before Dr. Bronner's motion to amend, and explicitly requested that "Dr. Bronner's complaint . . . be dismissed because it protested CBP's liquidation of its entries before CBP, but failed to timely appeal the denial of those protests to this court." Def.'s 56.2 Br. at 3. Furthermore, on September 30, 2021, the court issued an order in this litigation clarifying that it "does not possess subject matter jurisdiction to review entries that have already been liquidated except upon commencement of an action challenging denial of protest." Order Denying

Mot. for Temp. Restraining Order 1, ECF No. 54. Despite these clear indications that its complaint failed to adequately allege the court's jurisdiction over its liquidated entries, Dr. Bronner's nevertheless made no attempt to repair that deficiency until February of 2022. It is thus difficult to credit Dr. Bronner's current argument that it has "been diligently pursuing this matter and has never displayed any dilatory intent." Pl.'s Br. at 5. This undue delay, taken alone, is sufficient basis for the court to deny Dr. Bronner's motion. See Intrepid, 907 F.2d at 128.

Furthermore, even if Dr. Bronner's had not been dilatory in addressing its complaint's deficiency, the Federal Circuit has clearly held that a summons which fails to identify specific protests is "insufficient to 'commence an action' in the Court of International Trade." DaimlerChrysler, 442 F.3d at 1322. Indeed, the "essential jurisdictional fact—the denial of the protest—simply cannot be affirmatively alleged without specifically identifying each protest involved." Id. at 1319. Here, as a threshold matter, Dr. Bronner's has made no effort to amend its summons. If granted, its motion would therefore fail to establish the court's subject matter jurisdiction over the liquidated entries because the summons, and not the complaint, is the initial pleading that must both "establish[] . . . jurisdiction" and "put[] the adverse party on notice of the commencement and subject matter of the suit." Id. at 1317. More importantly, Dr. Bronner's has not identified the specific protests at issue, and instead requests only that the court set aside CBP's "denials of [Dr. Bronner's] protests covering the erroneous liquidations of its Subject Entries." Pl.'s Br. Exh. 1 at 15.[1] Thus, even if the amended complaint could somehow provide sufficient

---

[1] Although Dr. Bronner's still has not identified with specificity the protests that it wishes to invoke the court's jurisdiction under 28 U.S.C. § 1581(a) to contest, CBP has identified two protests filed by Dr. Bronner's challenging CBP's assessment of antidumping duties upon the liquidation of its entries, and CBP denied these protests on April 9 and 21, 2020. Def.'s 56.2 Br. Exh. A, French Decl. at ¶¶ 7–8. While Dr. Bronner's commenced this action within 180 days of the date of mailing of the notices of CBP's denial of these protests, neither the summons nor complaint indicate that Dr. Bronner's seeks to appeal the denial of these protests and both documents invoke this court's

basis for either notice or jurisdiction, it would still fail to "identify with particularity" the contested protests. DaimlerChrysler, 442 F.3d at 1321.  As the proposed amendments are accordingly insufficient both to commence an action regarding CBP's denial of protests and to establish the jurisdiction of the court under 28 U.S.C. § 1581(c), the motion cannot cure any associated jurisdictional defects and is futile.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend or supplement its complaint is denied.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　　　　/s/　　　Gary S. Katzmann
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Judge

Dated: June 24, 2022
　　　　New York, New York

---

jurisdiction under § 1581(c), not (a). See Summons; Compl. at 2.  Indeed, even outside its invocation of the improper jurisdictional provision, Dr. Bronner's summons and complaint cannot be construed as pleading an appeal of a protest denial; in fact, neither even mentions the protests. See, generally, id.  Dr. Bronner's has thus failed to timely appeal CBP's denial of its protests, and the 180-day deadline to do so has lapsed.  Pl.'s Br. at 5 (conceding that the 180-day windows to appeal denied protests closed on October 6, 2020, and October 18, 2020).